IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 43839/43840

| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 627 |
|---|---|---|
| Plaintiff-Respondent, | ) ) | Filed: August 2, 2016 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| ANTHONY GENE NORMAN, | ) ) | THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | ) ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of three years, for aggravated assault, affirmed; judgment of conviction and concurrent unified sentence of ten years, with a minimum period of confinement of three years, for rape, affirmed; order denying I.C.R. 35 motions for reduction of sentences, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In docket number 43839, Anthony Gene Norman pled guilty to aggravated assault. Idaho Code §§ 18-901(b), 18-905(a). The district court sentenced Norman to a unified term of five years with three years determinate. In docket number 43840, Norman pled guilty to rape, I.C. § 18-6101(2). The district court sentenced Norman to a concurrent unified term of ten years with three years determinate. Norman filed Idaho Criminal Rule 35 motions for reduction of his sentences in both cases. The district court denied both motions. Norman appeals asserting that

1

the district court abused its discretion by imposing excessive sentences and by denying his Rule 35 motions.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Norman's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Norman's judgments of conviction and sentences, and the district court's orders denying Norman's Rule 35 motions, are affirmed.